UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSCAR MORENO AGUIERRE, | ) | 1:08-cv-01965-JMD-HC |
| Petitioner, | ) | |
| | ) | ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| v. | ) | |
| NEIL H. ADLER, | ) | ORDER DIRECTING CLERK TO ENTER JUDGMENT |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Procedural History**

On May 4, 2004, Petitioner was convicted of narcotics-related offenses in the United States District Court for the Southern District of New York. (Answer, Attachment 1).

Petitioner filed the instant petition for writ of habeas corpus on December 29, 2008. (Doc. 1). Respondent filed a motion to dismiss the petition on April 3, 2009. (Doc. 8). Petitioner filed a traverse on April 29, 2009. (Doc. 9).

Both Petitioner and Respondent have consented to Magistrate jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Docs. 3, 4).

**Factual History**

Petitioner does not challenge his conviction or sentence. Rather, Petitioner contends that the Federal Bureau of Prisons (BOP) has failed to credit time Petitioner served in the custody of foreign

1  authorities toward his federal sentence. (Pet. at 3). Specifically, Petitioner contends that he is
2  entitled credit toward his current sentence based on the time he spent in the custody of authorities in
3  Belize while awaiting extradition. (Id.). Petitioner concedes he has not attempted to remedy his
4  alleged injury through the BOP's administrative process. (Traverse at 3).

**Discussion**

**I.     Jurisdiction and Venue**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g., Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (discussing distinction between sections 2255 and 2241). Petitioner contends that the execution of his sentence is contrary to federal law because the BOP has failed to credit towards Petitioner's time credits to which he is entitled under 18 U.S.C. § 3585(b). Accordingly, section 2241 confers subject matter jurisdiction over Petitioner's claim. As Petitioner is currently incarcerated at Taft Correctional Institution in Taft, California, which is within the territorial jurisdiction of the Eastern District, this Court is an appropriate venue for Petitioner's action. 28 U.S.C. § 84; 28 U.S.C. § 2241(c)(3).

**II.    Exhaustion of Administrative Remedies**

Petitioner concedes he has not exhausted his administrative remedies. (Traverse at 3). Respondent affirmatively asserts exhaustion as a grounds for dismissal. (Answer at 4-6).

Federal prisoners must exhaust their administrative remedies before bringing a habeas petition pursuant to section 2241. *E.g., Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). Under the doctrine of exhaustion, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed remedy has been exhausted." *Laing*, 370 F.3d at 998 (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his

1  administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.
2  1990). Exhaustion is not required if pursuing those remedies would be futile. *Terrell v. Brewer*, 935
3  F.2d 1015, 1019 (9th Cir. 1991).
4        Petitioner contends that exhaustion would be futile because the BOP is "inflexible" and
5  because the BOP will require Petitioner to provide evidence that he was in fact held in custody in
6  Belize. (Traverse at 3). Petitioner's argument lacks merit. The fact that Petitioner has the burden of
7  proof to demonstrate entitlement to relief does not render the administrative process futile. Further,
8  Petitioner's conclusory allegation that the BOP will not afford him a remedy because it is inflexible
9  is of no avail. The Court must presume that, if Petitioner pursues a valid claim through the
10 administrative process, the BOP will consider his claim consistent with its policies and governing
11 statutes. *See, e.g., Garner v. Jones,* 529 U.S. 244, 256 (2000). Because Petitioner has an adequate
12 administrative remedy that has not been exhausted, the Court finds that the petition should be
13 dismissed and that Petitioner should seek to exhaust his administrative remedies before proceeding
14 in federal court. *See Rison*, 895 F.2d at 535.

### Order

16     For the foregoing reasons, IT IS ORDERED that:
17     1) The petition for writ of habeas corpus is DISMISSED, without prejudice; and
18     2) The Clerk of Court is DIRECTED to enter judgment.
19 IT IS SO ORDERED.

20 **Dated:   December 21, 2009**         /s/ John M. Dixon
                                                 UNITED STATES MAGISTRATE JUDGE